IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marie Assa'ad-Faltas, MD, MPH, ) | C/A No. 1:12-2228-TLW-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| The State of South Carolina; The City of ) | |
| Columbia, South Carolina, ) | |
| ) | |
| Respondents. ) | |

    Petitioner Marie Assa'ad-Faltas ("Petitioner") is a resident of Columbia, South Carolina. On August 6, 2012, Petitioner filed a "Complaint"[1] for habeas relief from a conviction for contempt of court entered on October 6, 2010 in the municipal court for the City of Columbia. [Entry #1]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints or petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss this case without prejudice and without service of process.

---

[1] Although Petitioner's initial pleading is entitled "Complaint," such pleadings in habeas cases are referred to as petitions. Consequently, Petitioner's initial pleading shall be referred to as a petition herein.

I.  Factual and Procedural Background

Petitioner alleges that Marion Oneida Hanna found Petitioner in contempt of court in a civil municipal court proceeding and sentenced Petitioner to pay a fine of fifty dollars or serve ten days in jail. [Entry #1 at 1]. Petitioner states that she had been arguing that the municipal court for the City of Columbia did not have jurisdiction over her civil case. *Id.* at 2. Petitioner contends that South Carolina's Home Rule Act in effect creates forty-six new "States" in violation of U.S. Const. art IV, § 7, and art IV, § 4 (the Guarantee Clause). *Id.* at 3.

Four pages of the petition are quotations from various sections of the South Carolina Code of Laws relating to municipal courts. *Id.* at 3–7. Petitioner contends that only solicitors and assistant solicitors have prosecutorial authority and, therefore, any action by attorneys for the City of Columbia in her case constituted a usurpation of prosecutorial authority. *Id.* at 7. Petitioner also objects to actions taken by Barbara Jean Burns, who was acting as a municipal judge after the alleged expiration of her term of office. *Id.* at 8. Petitioner, who states that she is a Coptic Orthodox Christian, alleges discrimination against her by courts of the State of South Carolina, especially with respect to an order issued by the Supreme Court of South Carolina on April 8, 2011. *Id.* at 8–9. In her conclusion, Petitioner contends that **"[t]he awesome power to prosecute crime is reserved to federal and state sovereigns alone, <u>not</u> to political subdivisions of states, which subdivisions are not sovereigns."** *Id.* at 9 (emphasis and bold face type in original).

Petitioner also asserts that the aforementioned actions by the municipal court for the City of Columbia violate the holding of the Supreme Court in *Jinks v. Richland Cnty.*, 538 U.S. 456 (2003), and 28 U.S.C. § 1367(d). *Id.* at 9–11. Petitioner also provides factual background of her various disputes with the City of Columbia and with a person named Teresa Ingram, her various cases in municipal court for the City of Columbia and in the Circuit Court for Richland County (Court of General Sessions and Court of Common Pleas), and details of her arrests. *Id.* at 12–14.

Petitioner also alleges vindictiveness on the part of South Carolina Circuit Judge Thomas Cooper because of her success in a matter relating to a conviction for shoplifting. *Id.* at 12. Petitioner's conviction for shoplifting was initially affirmed on direct appeal in *City of Columbia v. Assa'ad-Faltas*, Opinion No. 2005-UP-143 (S.C. Ct. App. Mar. 1, 2005), but the municipal court for the City of Columbia later granted Petitioner's motion for new trial because evidence was presented showing discrepancies relating to the photograph submitted at trial. The municipal prosecutors appealed the grant of the new trial. The state circuit court reversed the municipal court, but Petitioner successfully appealed to the South Carolina Court of Appeals. *See City of Columbia v. Assa'ad-Faltas,* Opinion No. 2007-UP-193 (S.C. Ct. App. Apr. 26, 2007).

According to Petitioner, she has not been re-tried on the shoplifting charge, but prosecutors have sought a psychiatric examination of her. Tr. at 12. Petitioner seeks, *inter alia*, a court order preventing such a psychiatric or "forced mental" examination, an order declaring South Carolina's harassment, stalking, and unlawful use of telephone laws to be unconstitutional, and habeas corpus relief. *Id.* at 14–15.

II.   Discussion

   A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court ("Section 2254 Rules"), the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214, and other habeas corpus statutes. Pro se petitions are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a petition or complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition or complaint, the petitioner's or plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

1.  Petitioner is not in custody

Petitioner hand-delivered her petition to the Intake Section of the Clerk's Office in Columbia on Monday, August 6, 2012. [Entry #1-1]. It is well-settled that an individual must be "in custody" in order to be eligible for federal habeas corpus relief. *See* 28 U.S.C. § 2241(c); 28 U.S.C. § 2254(a); *Carafas v. La Vallee*, 391 U.S. 234, 238 (1968). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed"). Petitioner's ability to personally enter the Intake Section of the Clerk's Office in Columbia on August 6, 2012 indicates that she was not "in custody" when she filed the petition and paid the five-dollar filing fee.

2.  The Petition violates Rule 2(e) of the Section 2254 Rules

Rule 2(e) of the Section 2254 Rules indicates that a litigant who desires to attack the validity of judgments of two or more state courts should do so by separate petitions. The instructions to the § 2254 forms contain similar language. In the above-captioned case, Petitioner seeks habeas corpus relief from her contempt conviction entered in a civil case on October 6, 2010, and with respect to her pending re-trial on a vacated conviction for shoplifting. Although the Fourth Circuit Court of Appeals has not addressed the matter in a published case, courts addressing the issue have construed Rule 2(e) as

mandatory. *See, e.g.*, *Thompson v. Missouri Bd. of Prob. and Parole*, 39 F.3d 186, 189 (8th Cir. 1994) ("The rule clearly does not allow Thompson to challenge both the Scott County conviction and the Butler County conviction in one § 2254 petition."); *Bianchi v. Blodgett*, 925 F.2d 305, 308 (9th Cir. 1991) ("The language of the Advisory Committee Note related to Rule 2(d) [predecessor to Rule 2(e)] likewise indicates that the rule is mandatory in nature[.]"). The Fourth Circuit has applied Rule 2(e)'s predecessor in an unpublished case and found the petitioner was prohibited from attacking judgments from different state courts in a single petition. *Hart v. Hedrick*, No. 86-7638, 803 F.2d 1181 [Table], 1986 WL 17927, at *1 n.1 (4th Cir. Oct. 24, 1986) ("Hart apparently is trying to attack a number of convictions, at least two of which generate from two different state courts, namely Ohio County and Wood County. Such an attack is impermissible under Habeas Rule 2(d), 28 U.S.C. foll. § 2254.").

        3.     Petitioner has not exhausted her state court remedies

Petitioner does not disclose the disposition of the appeal from the finding of contempt by the municipal court for the City of Columbia. Moreover, Petitioner is awaiting re-trial on the now-vacated conviction for shoplifting. A federal court may not interfere with pending state court criminal proceedings, such as Petitioner's pending re-trial on the shoplifting charge. *See, e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Nivens v. Gilchrist*, 319 F.3d 151, 158–62 (4th Cir. 2003).

The judgment in Petitioner's shoplifting case will not become final until (or if) she is convicted and sentenced on re-trial. Once Petitioner is convicted and sentenced, if at

6

all, she may file a direct appeal. *See* S.C. Code Ann. § 14-3-330; Rule 201, SCACR. If her direct appeal is unsuccessful, Petitioner can file an application for post-conviction relief. *See* S.C. Code Ann. § 17-27-10. If a South Carolina litigant's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, she can file an "appeal" (petition for writ of *certiorari*) in that post-conviction case. *See* S.C. Code Ann. § 17-27-100. Moreover, Petitioner can still file an application for post-conviction relief even if she is convicted on re-trial, but is not sentenced to jail or prison. *See Jackson v. State*, 489 S.E.2d 915, 916 (S.C. 1997) ("Therefore, the trial court erred in holding petitioner must be in custody in order to have standing."). Petitioner has the aforementioned available state court remedies if she is convicted on re-trial and is not entitled to federal habeas relief until she has exhausted those state remedies.

    4.    State law grounds are not a basis for federal habeas corpus relief

Many of Petitioner's claims for relief are based on alleged violations of South Carolina law. [Entry #1 at 3 (¶ 9), 4–9 (¶ 10–¶ 21), 13–15 (¶ 43–44)]. State law grounds are not a basis for federal habeas corpus relief. *See Wright v. Angelone*, 151 F.3d 151, 157–58 (4th Cir. 1998). As a result, Petitioner is not entitled to habeas corpus relief on her grounds based on state law.

    5.    Petitioner's claims under the Guarantee Clause are not justiciable

Petitioner contends that the use of attorneys in the municipal court for the City of Columbia and the actions of the municipal court violate the Guarantee Clause. [Entry #1 at 3]. The Guarantee Clause provides that "[t]he United States shall guarantee to every

7

State in this Union a Republican Form of Government, and shall protect each of them against Invasion; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened) against domestic Violence." U.S. Const. art. IV, § 4. To violate the Guarantee Clause, a state must pose some "realistic risk of altering the form or the method of functioning of [] government." *New York v. United States*, 505 U.S. 144, 185 (1992). Petitioner's challenges to actions based on the Guarantee Clause do not present a justiciable question because the Supreme Court has held the Guarantee Clause does not contain sufficient standards for a court to utilize in invalidating state action. *See Baker v. Carr*, 369 U.S. 186, 223–24 (1962); *see also City of Rome v. United States*, 446 U.S. 156, 182 n. 17 (1980) ("[w]e do not reach the merits of the appellants' argument that the Act violates the Guarantee Clause . . . since that issue is not justiciable"). Therefore, the Guarantee Clause provides no basis for habeas corpus relief to Petitioner in the above-captioned case.

      6.    The Supreme Court's decision in *Jinks v. Richland County, S.C.* is not applicable to habeas corpus actions

In *Jinks v. Richland Cnty.*, 538 U.S. 456 (2003), the Supreme Court held that the tolling provisions of 28 U.S.C. § 1367(d) were applicable to civil claims against a State's political subdivision brought in a state court. Title 28 U.S.C. § 1367(d) concerns the tolling provisions under a court's *civil* "supplemental jurisdiction" and does not affect how a federal district court adjudicates habeas corpus cases. The federal statutory provisions affecting federal habeas corpus cases appear at 28 U.S.C. § 2241–2266.

Accordingly, Petitioner is not entitled to habeas corpus relief based on the holding in *Jinks*.

       7.      Petitioner's claims relating to a court-ordered psychiatric examination are not ripe

Petitioner states that she fears that she will be forced to undergo a court-ordered psychiatric examination with respect to the pending re-trial on the shoplifting charge. Because Petitioner indicates that the state or municipal court has not ruled on the matter, this issue is not "ripe." *See Ostergren v. Cuccinelli*, 615 F.3d 263, 287–88 (4th Cir. 2010) (explaining rationale behind ripeness doctrine). The Supreme Court has noted that the purpose of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985). Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all. *See Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 200–01 (1983); *see also Smith v. United States*, C/A No. 6:08-0203-CMC-WMC, 2008 WL 906699, at *3 (D.S.C. Apr. 1, 2008) ("Ripeness is, thus, a question of timing.").

III.    Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 21, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).